United States District Court
Southern District of Texas

**ENTERED**

April 30, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARYERI CELIDEY | § | CIVIL ACTION NUMBER |
| MEDINA MENDOZA, | § | 4:26-cv-01697 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| KRISTI NOEM, *et al*, | § | |
| Respondents. | § | |

### ORDER

Petitioner Maryeri Celidey Medina Mendoza filed a petition for writ of *habeas corpus* on March 2, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention under 8 USC §1225(b) violates (i) the Immigration and Nationality Act and implementing regulations, (ii) the Due Process Clause of the Fifth Amendment, (iii) the Administrative Procedure Act, (iv) equal protection, (v) the Suspension Clause, and (vi) the *Accardi* doctrine as to 8 CFR §§287.8(c)(2)(i), (ii). Id at ¶¶22, 77–150.

Prior order noted that the petition appeared to primarily raise issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 4. Still, the Government was ordered to show cause as to Petitioner's claims under equal protection and the *Accardi* doctrine. Ibid. Petitioner was given opportunity to specify circumstances meriting a different result on her other claims. Id at 4–5.

Pending is a motion for summary judgment by the Government. Dkt 5. It contends that Petitioner's equal protection claim fails because she is not similarly situated to persons detained pursuant to 8 USC §1226(a). See id at 2–5. It further asserts her claim under the *Accardi* doctrine fails because the relevant regulations were followed in arresting Petitioner. Id at 5–6. Petitioner replied only as to the equal protection and *Accardi* claims. Dkt 8.

As noted, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Rodriguez-Hidalgo v Noem*, 4:25-cv-05730 (SD Tex, Jan 9, 2026): Rejecting arguments based on bond regulations because statutory language prevails over putative conflicting regulations.

- o *Garcia Tabon v Dickey*, 4:25-06145 (SD Tex, Jan 22, 2026): Dismissing a claim under the APA as foreclosed by 5 USC §704 given adequacy of *habeas* relief and otherwise relying on statutory interpretation rejected in *Buenrostro-Mendez*.

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period

2

enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest, and (iii) claims under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.

The arguments presented by Petitioner in the petition and reply raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that her current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 7.

The petition for writ of *habeas corpus* by Petitioner Maryeri Celidey Medina Mendoza is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on April 30, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge

3